# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JONATHAN D. INGRAM,

    *Petitioner,*

v.

JAMIE LUTHER, *et al.*,

    *Respondents.*

CIVIL ACTION
NO. 18-05539

## ORDER

**AND NOW**, this 14th day of February 2020, upon consideration of the Petition for a Writ of *Habeas Corpus* (ECF No. 1), Petitioner's Memorandum of Law (ECF No. 10), Respondents' Response in Opposition (ECF No. 13), and the Report and Recommendation of U.S. Magistrate Judge Linda Caracappa (ECF No. 14), it is hereby **ORDERED** that:

1. Magistrate Judge Caracappa's Report and Recommendation is **APPROVED** and **ADOPTED**;[1]

---

[1]     There are no objections to the Report and Recommendation. When no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's notes; *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, therefore, this Court will review [a] Magistrate Judge['s] . . . Report and Recommendation for 'clear error.'"). No clear error appears on the face of the record.

    Ingram's Petition for *Habeas Corpus* raises the following three claims: (1) trial counsel was ineffective for failing to investigate his alibi by securing video evidence from the bar he visited the night of the crime; (2) trial counsel was ineffective for failing to impeach the police regarding their failure to secure that video; and (3) PCRA counsel was ineffective for failing to investigate that video. (Pet. at 10, ECF No. 1.)

    Ingram, recognizing his claims to be procedurally defaulted, seeks review on the merits of his claims under the actual innocence exception. (*Id*.) For the reasons stated in Magistrate Judge Caracappa's Report and Recommendation, the actual innocence exception does not apply. (Report & Recommendation 7–11, ECF No. 14.) Although Ingram's entire argument rests on the application of that exception, the Court finds that no other exception applies to his procedurally defaulted claims. A petitioner's procedurally defaulted federal *habeas* claims may be excused if he can demonstrate cause for the default and actual prejudice as a result. *Coleman v. Thompson*, 501 U.S. 722, 750

2. Ingram's Petition for a Writ of *Habeas Corpus* is **DENIED** and **DISMISSED with prejudice**;

3. No certificate of appealability shall issue;[2]

4. This case shall be **CLOSED** for statistical purposes.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

(1991). To demonstrate cause and prejudice, "a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements." *Coleman*, 501 U.S. at 753. Ingram has established no facts external to his own defense that prevented him from complying with Pennsylvania's PCRA requirements. Rather, Ingram explains that it was own his decision—based on misguided reliance from "unlearned prisoners"—to withdraw his first PCRA petition that was pending on appeal before the superior court. (Mem. in Support of Pet. 15, ECF No. 10.)

Nor has Ingram shown that the narrow exception established in *Martinez v. Ryan*, 566 U.S. 1 (2012) applies. Under *Martinez*, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffectiveness of counsel at trial if, in [an] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective. *Id.* at 17. Three conditions must be met for *Martinez* to apply: (1) the default was caused by ineffective assistance of post-conviction counsel or the lack thereof; (2) in the initial-review collateral proceeding; and (3) the underlying claim of ineffective assistance is substantial, meaning it has some merit. *Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014) (quoting *Martinez*, 566 U.S. at 14). Ingram's procedurally defaulted ineffectiveness claims fail on *Martinez*'s third prong. The video surveillance tape that Ingram alleges establishes his alibi defense no longer exists, and when a detective initially reviewed the video at the bar, it showed Ingram leaving the bar at 12:03 AM on December 24, 2011. *See* (Report & Recommendation 8–9). In other words, it placed Ingram in the vicinity of the crime scene just minutes before the burglary and stabbing. The video's exculpatory value, at best, is skeptical. Ingram's underlying ineffective assistance of counsel claims accordingly lack merit; he cannot show that, but for his trial counsel retaining the video and/or impeaching the detective about its content, there is a reasonable probability that "the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[2] Reasonable jurists would not debate the Court's disposition of petitioner's claims. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).